**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VIVIAN WRIGHT,

    Plaintiff,

vs.                                                  CASE NO. 3:05-cv-775-J-33TEM

DUVAL COUNTY SCHOOL BOARD,

    Defendant.
_____

## O R D E R

This case is before the Court on Plaintiff's Motion to Compel (Doc. #23), wherein Plaintiff requests the Court intervene to require Defendant to produce documents Plaintiff seeks in discovery under the auspices of a public records request pursuant to Fla. Stat. § 119.07(e). Defendant opposes the sought relief and asserts this Court does not have jurisdiction over the matter as Plaintiff's "public records request was made independently of this litigation and pursuant to Chapter 119, Florida Statute[s], but not pursuant to any discovery provision in the Federal Rules of Civil Procedure." *See* Doc. #25, p. 2. The Court takes note that Plaintiff is proceeding in this matter on a *pro se* basis, but has been advised that a *pro se* litigant is subject to the same law and rules of court as a litigant represented by legal counsel. *See* Doc. #24, Court Order.

The Court also notes, and Defendant points out, that the subject motion was filed without a certificate of conference under Local Rule 3.01(g). However, as the Court stated in its September 1, 2006 Order (Doc. #24), the Court will liberally construe the language in the text of Plaintiff's Motion to Compel as Plaintiff advises she made a second attempt to obtain the sought discovery from Defendant prior to bringing the Motion to Compel. It

appears this second attempt involved direct contact with Defendant's counsel at some point because Plaintiff references a commitment that she would receive the sought documents within twenty (20) days (*see* Doc. #23-1, p. 1).  Plaintiff also submitted a copy of an email to Defendant's counsel that indicated Plaintiff advised Defendant she would file a motion with the Court if she did not hear back from Defendant "soon." *See* Doc. 23-2, p. 4.  In the future, Plaintiff should be careful to specifically reference any and all attempts to resolve a dispute with opposing counsel prior to bringing a motion before the Court.

Plaintiff should also note that the Court's liberal construction of *pro se* filings is not without limits.  Plaintiff was previously advised that she must follow the applicable rules of this Court, including the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Middle District of Florida (Doc. #24, p. 1).  It does not appear that Plaintiff made her discovery request for documents in accordance with the provisions of Fed. R. Civ. P. 34.  Nor does it appear that Plaintiff has cooperated with Defendant's counsel in the efforts to clarify the records request (see Doc. #25, pp. 2-3).

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  *Id.*  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).  Discovery is intended to operate with minimal judicial

supervision unless a dispute arises and one of the parties files a motion involving judicial intervention.  "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure."  *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995).

In this instance, it appears the dispute over the sought records, notwithstanding the mechanism by which the records were requested, might have been resolved if the parties had actually spoken directly with each other and attempted to cooperate in clarifying what was sought and thereafter in providing the discovery.

Upon due consideration, the Court has determined to **DENY without prejudice** Plaintiff's Motion to Compel (Doc. #23).  The discovery deadline in this case does not expire until February 5, 2007.  Plaintiff may seek to obtain the records requested under her "public records request" by serving a request for production pursuant to Fed. R. Civ. P. 34 upon Defendant.  Given Defendant's advance notice of Plaintiff's desire to obtain this discovery, Defendant shall respond to a request for production from Plaintiff within **fifteen (15) calendar days** after the service of the request.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of December, 2006.

Copies to all counsel of record
    and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge