```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION


VIVIAN WRIGHT,

                Plaintiff,

v.                                   Case No. 3:05-cv-775-J-33TEM

DUVAL COUNTY SCHOOL BOARD,

                Defendant.
_____/
```

**ORDER**

This cause comes before the Court pursuant to cross motions for summary judgment. Wright filed Plaintiff's Motion for Summary Judgment (Doc. # 30) on November 6, 2006. The Duval County School Board filed Defendant's Motion for Summary Judgment (Doc. # 35) on March 5, 2007. The school board responded to Wright's motion for summary judgment on November 21, 2006, (Doc. # 33) and Wright responded to the school board's motion for summary judgment on March 15, 2007, (Doc. # 37). For the reasons stated below, Wright's motion for summary judgment is due to be denied, and the school board's motion for summary judgment is due to be granted.

**I.   Background**

Wright is an African American female (Doc. # 37, at 18) who worked as a teacher for the Duval County School Board for approximately seven years ending during the 1990's (see Doc. # 1, at 2). She left that position to pursue a master's degree in

1

school psychology. (Doc. # 1, at 2.) After receiving her master's degree in April 1998, Wright returned to the Duval County School Board in August 1998 to begin an internship. (Doc. # 1, at 2.) The school board did not hire Wright at the conclusion of her internship, and Wright filed charges of discrimination in May 2000. (Doc. # 1, at 2.) On February 17, 2004, the Duval County School Board again declined to hire Wright. This time, Wright responded by filing "retaliation charges against the [school board] because employment was denied due to a previous discrimination charge." (Doc. # 1, at 2.) Wright's retaliation charge explains that she believes the school board refused to hire her because she filed with the Equal Employment Opportunity Commission a discrimination complaint against the school board in May 2000. (Doc. # 37, at 6.)

Wright received a right to sue letter in June 2005, and she filed this lawsuit in August 2005. (Doc. # 1.) In her complaint, Wright alleges that the school board failed to hire her because she filed a charge of discrimination in May 2000. (See Doc. # 1.) Giving Wright every benefit of the doubt because of her pro se status, the complaint also appears to include allegations that the school board refused to hire her due to discriminatory reasons. (See Doc. # 1.) In her response to the school board's motion for summary judgment, Wright elaborates that it is unlawful for employers to exclude an individual because of race, color, religion, sex, or national origin; and "[g]enerally speaking,

2

African Americans do not have a high percentage of bilingual languages within its culture." (Doc. # 37, at 3.) Wright and the school board filed cross motions for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pleaded motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment." Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

**III. Proving Discrimination and Retaliation Under Title VII**

Under Title VII of the Civil Rights Act of 1964, it is

4

unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment . . . because he has made a charge" of employment discrimination. 42 U.S.C. § 2000e-3(a). "In order to establish a case under Title VII, a plaintiff may use three different kinds of evidence of discriminatory intent: direct evidence, circumstantial evidence or statistical evidence." Standard v. ABEL Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998). Wright presents neither direct nor statistical evidence. Consequently, Wright's case is based on circumstantial evidence.

"When a plaintiff offers circumstantial evidence to prove a Title VII claim, we use the analytical framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Standard, 161 F.3d at 1331. Under the McDonnell Douglas burden-shifting analysis, a plaintiff must first make out a prima facie case. McDonnell Douglas, 411 U.S. at 802. "The burden then . . . shift[s] to the employer to articulate some legitimate, nondiscriminatory reason" for the employer's action. Id. at 803. Finally, the burden shifts back to the plaintiff to show that the employer's articulated reason is just a pretext for prohibited discrimination. Id. at 804-05.

5

**A.   Proving Discriminatory Failure to Hire**

To establish a prima facie case of discriminatory failure to hire, Wright must establish the following elements:

> (1) [s]he was a member of a protected class; (2) [s]he applied for and was qualified for a position for which the [school board] was accepting applications; (3) despite [her] qualifications, [s]he was not hired; and (4) after [her] rejection the position remained open or was filled by a person outside [her] protected class.

Schoenfeld v. Babbitt, 168 F.3d 1257, 1267 (11th Cir. 1999); accord Godoy v. Habersham County, 211 Fed. Appx. 850, 853 (11th Cir. 2006).

If Wright establishes a prima facie case, a rebuttable presumption of discrimination arises.  Dickinson v. Springhill Hosps., Inc., 187 Fed. Appx. 937, 939 (11th Cir. 2006) (quoting EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1272 (11th Cir. 2000)).  To rebut the presumption, the school board must articulate "legitimate, nondiscriminatory reasons for the employment action." Standard, 161 F.3d at 1331.  If the school board comes forward with such reasons, the burden shifts back to Wright.  To avoid summary judgment, she must then create a genuine issue of material fact as to whether the advanced reasons are pretextual.  Id. at 1332.

**B.   Proving Retaliation**

"To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events."

Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001) (quoting Olmstead v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998)); accord Davis v. U.S. Postmaster General, 190 Fed. Appx. 874, 877 (11th Cir. 2006); Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).  To establish a causal relation between an adverse employment action and statutorily protected expression, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated."  Pennington, 261 F.3d at 1266 (quoting Olmstead, 141 F.3d at 1460).

"Once a plaintiff has established a prima facie case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action." Id.  If the employer does articulate some legitimate reason, "[t]he burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the 'legitimate' reason is merely pretext for prohibited, retaliatory conduct."  Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000) (applying Title VII retaliation standard to state-law claim) (citing Olmstead, 141 F.3d at 1460).

Where an employer has articulated a non-retaliatory reason for the challenged employment action, a plaintiff can survive summary judgment only by "introduc[ing] significantly probative evidence showing that the asserted reason is merely a pretext for

7

[retaliation]."  Bojd v. Golder Assocs., Inc., No. 06-12209, 2006 U.S. App. LEXIS 31805, at *4 (11th Cir. Dec. 26, 2006) (internal quotation marks omitted) (quoting Brooks v. County Comm'n, 446 F.3d 1160, 1163 (11th Cir. 2006)).  "The court's only concern is the honesty of the employer's [asserted reason] . . . ."  Jones v. U.S. Dep't of Veterans Affairs, No. 06-12293, 2007 U.S. App. 948, at *7 (11th Cir. Jan. 17, 2007) (citing Cooper v. Southern Co., 390 F.3d 695, 730 (11th Cir. 2001)).  Thus, a plaintiff may not demonstrate pretext "by questioning the wisdom of the employer's reason as long as the reason is one that might motivate a reasonable employer." Pennington, 261 F.3d at 1267.

**IV. Wright's Motion for Summary Judgment**

In her motion for summary judgment, Wright entirely fails to carry her burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Wright's motion reveals the existence of a discovery dispute and the fact that Wright attended a mediation session.  The motion also appears to argue that any major errors Wright made while working as an intern for the school board were forgivable.[1]  Finally, two satisfactory evaluations of Wright,

---

[1]The relevant portion of the motion discusses "protocols," which are apparently the work product Wright produced while working as an intern.  The motion says,

> On those protocols, the employee of the Defendant . . . made comments about the accuracy of the protocols. Another psychologist . . . evaluated the same protocols

8

prepared by other school districts, are attached to the motion.

This motion entirely fails to demonstrate that there is no genuine issue of material fact for trial. As such, it is due to be denied.

**V.   The School Board's Motion for Summary Judgment**

The school board's motion for summary judgment makes a two-pronged attack on Wright's case. First, the school board challenges Wright's ability to make out a prima facie case of discriminatory failure to hire. The school board argues that Wright cannot prove one of the elements of her prima facie case. In the second prong of its motion, the school board articulates several legitimate, non-discriminatory reasons for its refusal to hire Wright. The school board challenges Wright's ability to demonstrate the existence of a genuine question as to whether these reasons are pretextual.

**A.   The School Board Successfully Challenges Wright's Prima Facie Case**

In the first prong of the school board's motion for summary judgment, the school board argues that Wright "has failed to

---

and stated that she used to make those same mistakes when she was an intern. [Another person] evaluated the same documents for major errors and stated that experience will alleviate those errors.

(Doc. # 30, at 2.) The Court is unable to discern how this discussion is relevant to Wright's claim that the school board refused to hire her in 2005 in retaliation for a discrimination charge she filed in 2000.

9

uncover a single piece of evidence that would support a prima facie case of failure to hire . . . ." (Doc. # 35, at 2.) The school board states the elements of a prima facie case of failure to hire: "(1) plaintiff is a member of a protected class; (2) plaintiff was qualified for, and applied for, a job; (3) defendant/employer rejected plaintiff for that job; and (4) other equally or less qualified people who were not members of the protected class were hired for that position." (Doc. # 35, at 2 (citing Samedi v. Miami-Dade County, 134 F. Supp. 2d 1320 (S.D. Fla. 2001)).) The school board then identifies a lack of evidence tending to establish the fourth element. Specifically, the school board avers that the person hired for the position Wright also applied for was also an African American woman. (Doc. # 35, at 2-3; Doc. # 35-2, at 2.) Accordingly, the school board argues that Wright cannot make out a prima facie case.

Wright entirely fails to "go beyond the pleadings, and by [her] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial," Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995), as to whether the person hired was not a member of Wright's protected class. As a result, the school board is entitled to summary judgment on Wright's claim of discriminatory failure to hire. See Schoenfeld v. Babbitt, 168 F.3d 1257, 1267 (11th Cir. 1999)

(affirming district court's grant of summary judgment where plaintiff failed to satisfy the fourth element of prima facie case, i.e., that position remained open or was filled by someone outside plaintiff's protected class).  Even if Wright could make out a prima facie case, though, the school board would still be entitled to summary judgment on Wright's discriminatory failure to hire claim.  As stated below, the school board has articulated legitimate reasons for its decision not to hire Wright, and Wright has failed to raise a genuine question as to whether these reasons were merely pretexts for unlawful discrimination.

> **B. Wright Has Not Raised a Genuine Question as to Whether the School Board's Asserted Reasons for Not Hiring Wright Were Actually Pretexts for Prohibited Retaliation or Discrimination**

The second prong of the school board's motion is also successful.  Here, the school board articulates legitimate reasons why it declined to hire Wright.  It supports its position with an affidavit from Rhonda Said, the school board employee who interviewed Wright and made the decision not to hire her.  The school board identifies two legitimate reasons why it declined to hire Wright: (1) that Wright had less experience than the candidate hired for the job, and (2) that Wright performed poorly during her interview.  The school board argues it is undisputed that it had legitimate reasons for its decision not to hire Wright.

Because the school board has proffered legitimate reasons for its decision not to hire Wright, Wright has the burden of

establishing that these reasons are pretextual. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001); Standard v. ABEL Servs., Inc., 161 F.3d 1318, 1332 (11th Cir. 1998). The school board submits that there is no genuine issue of material fact on this matter. (Doc. # 35, at 4.) Thus, "[t]o avoid summary judgment [Wright] must introduce significantly probative evidence showing that the asserted reason[s] [are] merely a pretext for discrimination." Brooks v. County Comm'n, 446 F.3d 1160, 1163 (11th Cir. 2006) (analyzing claim of discriminatory failure to promote); accord Bojd v. Golder Assocs., Inc., No. 06-12209, 2006 U.S. App. LEXIS 31805, at *4 (11th Cir. Dec. 26, 2006) (analyzing claim of discriminatory discharge).

Wright has failed to carry her burden. In response to the claim that she had less experience than the person chosen for the job, Wright questions the relative value the school board placed on different types of experience. Rhonda Said, the school board employee who decided not to hire Wright, affies that Wright had only two years of experience while the candidate chosen for the job had seven years of experience. (Doc. # 35-2, at 2.) Wright claims that she had three years of experience as a school psychologist[2] and a total of ten years of experience in education. (Doc. # 37, at 2, 3.) Wright posits that her ten years of experience in

---

[2]Because it makes no difference to the outcome of this case, the Court assumes Wright had three, rather than two, years of experience as a school psychologist.

12

education, along with her status as a Ph.D. student, outweigh seven years of experience as a school psychologist. (Doc. # 37, at 3.)

This is insufficient to raise a genuine issue of material fact. "[A] plaintiff . . . may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason as long as the reason is one that might motivate a reasonable employer." Pennington, 261 F.3d at 1267 (internal quotation marks omitted). Instead, "[a] plaintiff must show that the disparities between the successful applicant's and her own qualifications were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" Brooks, 446 F.3d at 1163 (analyzing claim of discriminatory failure to promote). Wright has completely failed to meet her burden. It is perfectly reasonable to conclude that a candidate with seven years of experience as a school psychologist is a wiser choice than Wright, who despite the fact that she had a total of ten years in education and was a Ph.D. student, had only three years of experience as a school psychologist.

Wright also points to a letter recommending her for a position as a school psychologist. Signed by two employees of the school board and dated May 26, 1999, this letter noted that Wright's "experience as an elementary school teacher will be an asset to her role as a school psychologist . . . ." (Doc. # 37, at 11.) Wright

13

takes this as evidence that the school board's asserted consideration of experience was just a pretext for unlawful retaliation. It is not such evidence. Even when viewed in the light most favorable to Wright, the statements in this letter are in no way inconsistent with the school board's asserted reliance on experience. As a result, Wright has not raised a genuine issue of fact as to the school board's first asserted reason for not hiring Wright.

Wright relies primarily on this same letter of recommendation to raise a genuine issue as to the pretext of the school board's assertion that she did not present well in her interview. While the letter recommends her for the position of school psychologist, it says nothing about how Wright performed during interviews. Thus, the letter is not "significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." Brooks, 446 F.3d at 1163. As a result, Wright has not raised a genuine issue of fact as to the school board's second asserted reason for not hiring Wright.

**VI. Conclusion**

Wright has failed to come forward with evidence from which a reasonable jury could find that she has made out a prima facie case of discrimination. Moreover, Wright has failed to identify evidence from which a reasonable jury could conclude that the school board's asserted reasons for not hiring her were in fact

14

pretexts for prohibited retaliation or discrimination. As such, Wright has not carried her burden to "go beyond the pleadings, and by [her] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotation marks omitted) (citing <u>Celotex</u>, 477 U.S. at 324). Consequently, the school board's motion for summary judgment is due to be granted.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's Motion for Summary Judgment (Doc. # 30) is hereby **DENIED**.

2. Defendant's Motion for Summary Judgment (Doc. # 35) is hereby **GRANTED**.

**DONE** and **ORDERED** in chambers in Jacksonville, Florida, this <u>24th</u> day of May 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel and Parties of Record